779 F.2d 1187
 John THERNES, Plaintiff-Appellant,
v.
CITY OF LAKESIDE PARK, KENTUCKY; William J. Schutte; City
of Lakeside Park, Board of Adjustments; George R. Roth,
Jr.; Ruth Higdon; David Hentz; Virginia Hiltz; Dr.
Warren Corbin; and Northern Kentucky Area Planning
Commission, Defendants-Appellees.
 No. 84-6009.
 United States Court of Appeals,
Sixth Circuit.
 Argued Sept. 19, 1985.
Decided Jan. 6, 1986.
 
 George S. Wilson, III, Wilson, Wilson & Plain, Owensboro, Ky., Christopher D. Imlay, Booth, Freret & Imlay, Washington, D.C., for amicus curiae Radio Relay
 Robert E. Manley, Jeffrey J. Harmon (argued), Manley, Jordan & Fischer, Cincinnati, Ohio, for plaintiff-appellant.
 Joseph L. Baker (argued), Ziegler & Schneider, Garry L. Edmondson, Edmondson, Condit, Calvert & Simpson, Covington, Ky., for defendants-appellees.
 Before ENGEL and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On April 8, 1983, appellant John Thernes, a federally licensed amateur radio operator, submitted two alternative applications for a zoning permit to the City of Lakeside Park, Kentucky, for the construction of an amateur radio antenna system.[1] In a letter dated April 29, 1983, the Zoning Administrator of the City of Lakeside Park denied Thernes's applications. The letter stated in part:
 
 
 2
 a permit for construction of a radio tower cannot be issued within the City of Lakeside Park because they are not listed as a permitted accessory use in any zone in the city as required by section 9.8(C) of the Lakeside Park Zoning ordinance.[2]
 
 
 3
 The parties have stipulated that the Official Zoning Ordinance, as applied, prohibits the construction of radio towers in any and all zones in the City of Lakeside park. They have also stipulated that the ordinance, as applied, permits erection of television antennas in every zone of the City.
 
 
 4
 Thernes appealed the decision of the Zoning Administrator to the Board of Adjustments of the City of Lakeside Park. After a hearing, the Board of Adjustments issued a letter denying Thernes's applications for a zoning permit. Thernes then filed this suit in the United States District Court for the Eastern District of Kentucky under 42 U.S.C. Sec. 1983, alleging that the Official Zoning Ordinance is unconstitutional on its face and as applied. Thernes asserted that the ordinance violated his First Amendment right to free speech in that it deprived him of the right to maintain his amateur radio tower and antenna, which he contended were necessary to his ability to communicate throughout the United States and worldwide through the use of his amateur radio station. He further alleged that the ordinance was vague, overbroad, and gave unlimited discretion to administrative officials in issuing permits. Thernes also alleged that the subject matter and regulation of federally licensed amateur radio stations and operators is preempted by the Federal Communications Act of 1934, 47 U.S.C. Sec. 151 et seq., and the rules and regulations of the Federal Communications Commission ("FCC") promulgated pursuant thereto. Further, Thernes asserted that application of the ordinance constituted an invalid exercise of the police power of the City of Lakeside Park, and that the ordinance constituted an undue burden on interstate commerce. Finally, he alleged an equal protection violation under the ordinance in that television, but not radio, antennas are exempt from all height limitations.
 
 
 5
 With regard to the preemption claim, the district court noted that the Federal Communications Act does not specifically address amateur radio station antenna height. After examining the regulations promulgated by the FCC under the Act,[3] the court concluded that the FCC was concerned with antenna height only to the extent the height affects national aviation navigation and airport safety, and that the FCC evinced no intent to "supplant the fundamentally local concerns expressed in land use control ordinances." As to Thernes's other claims, the district court found no violation of constitutional rights. Accordingly, the district court granted the City's motion for summary judgment. This appeal followed.
 
 
 6
 On the date of oral argument in this case, September 19, 1985, the FCC released a declaratory ruling entitled "Federal Preemption of State and Local Regulations Pertaining to Amateur Radio Facilities."[4] In its memorandum opinion and order, the FCC stated that the issue before it was "the extent to which state and local zoning regulations may conflict with federal policies concerning amateur radio operations." After weighing the interests involved, the FCC concluded that "a limited preemption policy is warranted. State and local regulations that operate to preclude amateur communications in their communities are in direct conflict with federal objectives and must be preempted." The FCC continued:
 
 
 7
 We will not, however, specify any particular height limitation below which a local government may not regulate, nor will we suggest the precise language that must be contained in local ordinances, such as mechanisms for special exceptions, variances or conditional use permits. Nevertheless, local regulations which involve placement, screening, or height of antenna based on health, safety, or aesthetic considerations must be crafted to accommodate reasonably amateur communications, and to represent the minimum practicable regulation to accomplish the local authority's legitimate purpose.
 
 
 8
 This recent exercise of its latent preemptive statutory outright powers by the FCC strongly suggests that the ban upon the erection of amateur radio station antennas in the Village of Lakeside may now contravene federal law. At the same time, the memorandum opinion and the order clearly indicate a willingness on the part of the FCC to accommodate the legitimate needs of amateur radio station operations and the planning needs of communities. Plainly, the FCC now intends to involve itself in the matter of antenna height beyond that merely necessary to assure national aviation navigation and airport safety, but is willing to work with local communities with respect to particulars. We find no indication in the position of either party before us hostile to such a possible solution of their difficulties and accordingly VACATE the judgment of the district court and REMAND for reconsideration and for further proceedings in light of the FCC declaratory ruling.
 
 
 9
 KRUPANSKY, Circuit Judge, dissenting.
 
 
 10
 Because I believe that the issues herein have been properly joined for resolution by this court, I must respectfully dissent. Even apart from the preemption issue on which the majority predicates its decision, I am convinced that this case presents other, more important reasons for reversal which the district court as well as majority has ignored.
 
 
 11
 The Lakeside Park ordinance both on its face and as applied is arbitrary, capricious and deprives the appellant of equal protection of the law. It is undisputed that the ordinance absolutely prohibits the construction of any radio antennas, regardless of height, while at the same time permitting the construction of identical television antennas. The parties' stipulations of fact provide in pertinent part that:
 
 
 12
 15. The Official Zoning Ordinance of the City of Lakeside Park, Kentucky, as applied prohibits the construction of radio towers in any and all zones in the City of Lakeside Park.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 19. The Official Zoning Ordinance of the City of Lakeside Park as applied permits and has permitted at all pertinent times erection of television antennas, including but not limited to those of Yagi design,[1] in every zone within the City of Lakeside Park.
 
 
 16
 This patent inconsistency has not been explained by the city or by the district court. Moreover, while the majority acknowledges this fact, it has inexplicably refused to confront the issue.
 
 
 17
 It is basic hornbook law that a zoning ordinance, to pass constitutional challenge, must be rationally related to the general welfare. In the case at bar, the district court, and apparently the majority, determined that the Lakeside Park ordinance is related to the legitimate ends of zoning legislation, based upon the city's articulated interest in aesthetics.[2] However, even a cursory analysis of this conclusion finds it without factual or legal support. Initially, whatever purportedly adverse aesthetic impact the appellant's proposed radio antenna may have on the city's visual character would be no different than what Lakeside Park already tolerates by permitting television antennas of identical design and other accessory structures not specifically provided for in the ordinance. Secondly, it is obvious from Section 9.11(A) of the Lakeside Park ordinance, which specifically exempts "various types of towers" from the height limitations in the ordinance, that the city has no concern with tower height from an aesthetic or other perspective.
 
 
 18
 Moreover, Lakeside Park has refused to articulate any other basis, rational or otherwise, for this patent lack of uniformity in the enforcement of its ordinance. The city's proffered justifications for its ordinance are specious, disingenuous and tend to obfuscate rather than clarify the issue. Even though there is no antenna height limitation incorporated into the ordinance, the city implies that the intent of the ordinance is to provide for a reasonable height limitation. However, an examination of the city's notice denying appellants' permit is devoid of any language concerning antenna height limitation. That notice reads:
 
 
 19
 The following comments are made as part of the review process.
 
 
 20
 1) Radio towers are considered accessory uses according to the definition of "accessory building or use, customary", contained in Article VII, Definitions, of the zoning ordinance.
 
 
 21
 2) Section 9.8(C) of the zoning ordinance specifies that "Only those accessory structures and uses specifically identified in this ordinance shall be permitted." A review of each Accessory Use section of all the zones presently included in the ordinance reveals that radio towers are not specifically identified as a permitted accessory use in any zone.
 
 
 22
 Based on these considerations a permit for construction of a radio tower cannot be issued within the City of Lakeside Park because they are not specifically listed as a permitted accessory use in any zone in the city as required by Section 9.8(C) of the Lakeside Park Zoning Ordinance.
 
 
 23
 Obvious from the foregoing notice, the height of the proposed antenna never constituted an articulated reason for the city's decision to deny the application. The city's proffered justifications are patently frivolous, conclusory and without factual support.
 
 
 24
 Finally, I do not share the majority's view that this case should be remanded for a determination of whether and to what extent the FCC intended to preempt the field of amateur radio antenna height. The FCC's recent ruling declared "a limited preemption policy." The FCC explained the scope of this preemption in paragraph 25 of its ruling:
 
 
 25
 ... local regulations which involve placement, screening, or height of antennas based on health, safety, or aesthetic considerations must be crafted to accommodate reasonably amateur communications, and to represent the minimum practicable regulation to accomplish the local authority's legitimate purpose.
 
 
 26
 The ordinance here in issue totally fails this two-pronged preemption test. First, the ordinance, as stated previously, absolutely prohibits all amateur radio antennas. The city has made no effort whatsoever "to accommodate reasonably amateur communications." Rather, judging from its post argument brief, Lakeside Park will stubbornly and unreasonably stonewall the issue and continue to assert its absolute right to exclude radio towers.[3]
 
 
 27
 Second, an absolute prohibition can hardly be characterized as "the minimum practicable regulation to accomplish the local authority's legitimate purpose." As previously noted, Lakeside Park's purpose does not reflect a good faith attempt to regulate. The ordinance was calculated to afford the city fathers arbitrary discretion to consider, approve or disapprove each application without conformity to any uniform standard. Literally, the ordinance is a license to discriminate at will as is reflected by its capricious enforcement in the case at bar.
 
 
 28
 Because the district court's ruling permits an absolute ban on the construction of radio antennas, irrespective of height, without reasoned justification and regardless of any constitutional implications, I would reverse the decision and declare the ordinance unconstitutional and award costs against the city, including attorney's fees.
 
 
 
 [1]
 One application exhibited the tower attached to Thernes's house, and the second application exhibited the tower detached from the house. Thernes's proposed radio transmitting and reception tower was comprised of a seventy foot tower with motorized rotating horizontal antennas
 
 
 [2]
 Section 9.8(C) of the Lakeside Park Zoning Ordinance provides: "Only those accessory structures and uses specifically identified in this ordinance shall be permitted." Section 9.11(A)(1) provides: "The height limitations of this ordinance shall not apply to such things as: church spires, various types of towers, smoke stacks, other related structures and necessary mechanical appurtenances, etc., provided their construction is in accordance with existing or hereafter adopted ordinances of the city, and is acceptable to the Federal Aviation Agency and the Federal Communication Commission."
 
 
 [3]
 See 47 C.F.R. Part 97 (1983). Height restrictions are specifically addressed at 47 C.F.R. Sec. 97.45
 
 
 [4]
 50 Fed.Reg. 38,813 (1985)
 
 
 [1]
 The Yagi design antenna is the exact design of antenna which Thernes sought to construct on his property
 
 
 [2]
 It is also undisputed that Thernes' proposed tower is safe for its intended purpose
 
 
 [3]
 It is obvious from this statement that I do not share the majority's view that "we find no indication in the position of either party before us hostile to such a possible solution of their difficulties ...". I can only conclude from this statement by the majority that it is overly optimistic in its predicted conjectures. After considering the oral argument and Lakeside's pre- and post-argument briefs, the only intention projected by the city is to continue to act in an unreasonable manner. I need only point to the two arguments which Lakeside advances in its post-argument brief:
 "1. At the time of the alleged constitutional tort, the FCC had not exercised any federal pre-emption of local zoning regulations, and therefore, no claim arose cognizable under 42 U.S.C. Sec. 1983.
 
 
 [2]
 The limited pre-emption set forth in the FCC memorandum does not invalidate the Lakeside Park zoning ordinance as applied."