**Andrew B. BODONY, Plaintiff,**

v.

**INCORPORATED VILLAGE OF SANDS POINT, Marjorie Weinstein, Bruce Shroyer, Mario Tribuno, Harry B. Anderson and Albert Shapiro, individually and in their capacities as members of Board of Zoning and Appeals of the Incorporated Village of Sands Point, and Leonard Wurzel, Building Inspector, Defendants.**

No. CV 86–3967.

United States District Court, E.D. New York.

Sept. 21, 1987.

Seyfarth, Shaw, Fairweather & Geraldson, New York City, for plaintiff; Timothy J. McInnis, Michael L. Hirschfeld, of counsel.

Sheft, Wright & Sweeney, New York City, for defendants; Robert P. Siegel, of counsel.

Christopher D. Imlay, Washington, D.C., amicus.

### MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

Andrew B. Bodony is an amateur radio operator, licensed by the F.C.C. as an Ama-

---

teur Extra Class licensee. On October 5, 1984, the F.C.C. granted Bodony an amateur radio station license for Bodony's residence at Cornwells Beach Road, Sands Point, Nassau County, New York. Soon thereafter Bodony began preparation for the erection of a free standing structure for an antenna system, 23 feet in height in its retracted position and 86 feet in height in its extended position. Bodony excavated an area of about 4½ feet square to a depth of about 12 feet and poured concrete into the excavation to serve as an anchor for the antenna. The site of the antenna is a wooded area and it is expected that trees will shield the antenna from public view when it is extended to its maximum height.

The Incorporated Village of Sands Point ("Village") issued a summons charging Bodony with a violation of a village ordinance requiring a building permit for the structure. Bodony applied for a building permit. The Village denied the permit. Leonard Wurzel, building inspector of the Village, is joined as a party defendant.

On January 23, 1986, Bodony appealed to the Zoning Board seeking a variance of section 352.2 of the Building Ordinance of the Village which limits the height of accessory buildings to 25 feet. After conducting a public hearing, the Zoning Board, in a formal decision dated October 27, 1986, denied the application and found:

> Within the Village of Sands Point there are several residents who operate amateur radio stations with towers and antennas which conform to the height restrictions of the Building Zone Ordinance of the Village and communicate at frequent intervals.
>
> The applicant has failed to demonstrate that he cannot operate an amateur radio station with an antenna which conforms to the height restriction in the Building Zone Ordinance and that he has suffered any hardship.
>
> The applicant has failed to prove that the tower and the antenna thereon is [sic] safe.
>
> The proposed construction of the tower and antenna would (a) depreciate the value of the property of the Village; (b) create a hazard to health, safety and general welfare; (c) be detrimental to the character of the neighborhood or to the residents thereof; (d) alter the essential character of the neighborhood, or (e) otherwise be detrimental to the public convenience and welfare.

*The Complaint*

The complaint alleges seven claims against the Village, members of the Zoning Board and Wurzel as follows:

*Count I*—Section 352 para. 2 of the Village Building Ordinance is preempted by the Declaratory Ruling of the F.C.C. published September 25, 1985 in the Federal Register, 101 F.C.C. 2d 952, Fed.Reg. 38,-813 (PRB-1), which in pertinent part declared:

> Local regulations which involve placement, screening, or height of antennas based on health, safety or aesthetic considerations must be crafted to accommodate reasonably amateur communications, and to represent the minimum practicable regulation to accomplish the local authority's legitimate purpose.

*Count II*—The height restriction is unconstitutional in that it constitutes a burden on radio communication and interstate commerce in violation of Article I, Section 8, Clause 3 of the Constitution (power to regulate interstate commerce).

*Count III*—A violation of First Amendment rights of free speech, assembly and association.

*Count IV*—A violation of the Fourteenth Amendment right of equal protection of law in that Section 352, para. 3 provides: "No other buildings shall exceed forty (40) feet in height or three (3) stories and attic. Church spires, belfries, flagstaffs, chimneys, flues and television antennae may extend above said height limitations." ("Other buildings" as used in paragraph 3 are buildings other than principal dwellings and accessory buildings.)

*Count V*—A violation of the First and Fourteenth Amendments in that it subjects the plaintiff to possible criminal liability and the ordinance is vague and overbroad

and fails to inform, guide, instruct or direct the Zoning Board in consideration of plaintiff's application. As applied, the ordinance has a chilling effect on plaintiff's constitutional rights.

*Count VI*—The height restriction does not bear a reasonable relationship to the state's police power and therefore is unreasonable, arbitrary, discriminatory, oppressive and confiscatory and constitutes an unwarranted interference with substantial property rights.

*Count VII*—The hearing conducted by the members of the Zoning Board was unfair in that (1) they had arrived at a determination to deny the application prior to the hearing; (2) evidence was introduced of a difficult technical nature without notice or an opportunity to meet it; and (3) they sought advice and counsel from third parties to support their predetermined denial of the application.[1]

*Motions*

Bodony moves pursuant to Fed.R.Civ.P. 56 for partial summary judgment on Counts I, IV and VI seeking a declaratory judgment declaring that the height limitation as applied to him for the purpose of erecting an amateur radio antenna system to a height in excess of 25 feet is invalid. Defendants cross move for summary judgment to dismiss the complaint on the ground that the Zoning Board did not act arbitrarily or unreasonably in denying Bodony's application for a variance.

## DISCUSSION

*Preemption*

PRB–1 states under the caption "Summary"

This document declares a limited preemption of state and local regulations which preclude amateur communications. The ruling is necessary so that amateurs and local governing bodies alike will be aware of the strong federal interest in promoting amateur communications.

Further, under the caption "Local Ordinances," PRB–1 states:

3. Conflicts between amateur operators regarding radio antennas and local authorities are common.... These limiting regulations [on height] can result in conflict because the effectiveness of the communications that emanate from an amateur radio station are directly dependent upon the location and the height of the antenna. Amateur operators maintain that they are precluded from operating in certain bands allocated for their use if the height of their antennas is limited by a local ordinance.

Further, under the caption, "Discussion"

22. Few matters coming before us present such a clear dichotomy of viewpoint as does the instant issue. The cities, counties, local communities and housing associations see an obligation to all of their citizens and try to address their concerns.... At the opposite pole are the individual amateur operators and their support groups who are troubled by local regulations which may inhibit the use of amateur stations, or, in some instances, totally preclude amateur communications.... In this situation, we believe it is appropriate to strike a balance between the federal interest in promoting amateur operations and the legitimate interest of local governments in regulating local zoning matters. The cornerstone on which we will predicate our decision is that a reasonable accommodation may be made between the two sides.

24. [W]e recognize here that there are certain general state and local interests which may, in their evenhanded application, legitimately affect amateur radio facilities. Nonetheless, there is also a strong federal interest in promoting amateur communications.... We recognize the amateur radio service as a voluntary, noncommercial communication service, particularly with respect to providing emergency communications.... Upon weighing these interests, we believe a

1. Plaintiff seeks to impose liability upon the members of the Zoning Board individually and as members of the Zoning Board.

limited preemption policy is warranted....

25. Because amateur station communications are only as effective as the antennas employed, antenna height restrictions directly affect the effectiveness of amateur communications. Some amateur antenna configurations require more substantial installations than others if they are to provide the amateur operator with the communications that he/she desires to engage in. For example, an antenna array for international amateur communications will differ from an antenna used to contact other amateur operators at shorter distances. We will not, however, specify any particular height limitation below which a local government may not regulate ... Nevertheless, local regulations which involve placement, screening or height of antennas based on health, safety or aesthetic considerations must be crafted to accommodate reasonably amateur communications, and to represent the minimum practicable regulation to accomplish the local authority's legitimate purpose.

 Congress created the F.C.C. in the Communications Act of 1934, 47 U.S.C. § 151 *et seq.* and granted the F.C.C. the power to promulgate regulations "as may be necessary in the execution of its functions...." 47 U.S.C. § 154(g). The F.C.C. was given "broad responsibilities" to regulate all aspects of interstate and foreign radio under § 2(a) of the Communications Act of 1934, 47 U.S.C. § 152(a). *Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 700, 104 S.Ct. 2694, 2700–01, 81 L.Ed.2d 580 (1984); *see also United States v. Southwestern Cable Co.*, 392 U.S. 157, 177–78, 88 S.Ct. 1994, 2005, 20 L.Ed.2d 1001 (1968). The regulations have the same preemptive effect as federal statutes. *United States v. Shimer*, 367 U.S. 374, 383, 81 S.Ct. 1554, 1560, 6 L.Ed.2d 908 (1961). The F.C.C. decided on a "limited preemption" which requires the Village to vary the ordinance limiting the height of Bodony's antenna so that he may use the license granted him by the F.C.C. for international communications, and exercise its right to protect the health, safety and general welfare and preserve property values and the general character of the neighborhood by using the least restrictive height to accomplish its "legitimate purpose."

### Defendants' Position

Defendants resist Bodony's motion for partial summary judgment and support their own motion by arguing that:

(1) Section 352.2 does not preclude amateur communications but only limits the height of the antenna to 25 feet, thus falling outside the area preempted by PRB–1. (Defendants' Memo p. 9).

(2) Bodony failed to demonstrate that he could not operate an amateur radio station within the height restriction of § 352.2. (3(g) Statement).

(3) The Zoning Board decided that construction of the tower would (a) depreciate the value of the property, (b) endanger the health, safety and welfare of the residents, and (c) be detrimental to the character of the neighborhood or the residents and change the essential character of the neighborhood.

### The Height Limitation as Affecting Bodony's Rights as a Licensee

 One factor in determining the range and effectiveness of radio communication is the height of the antenna. Measurement from the ground tells us little. A 25 foot antenna in a valley surrounded by hills might be useless, while that equipment on a mountaintop might give optimum results. An antenna rising above the obstacles that interfere with radio signals obviously gives a greater range and better reception than an antenna of a lesser height.

The fact that § 352.2 does not prohibit amateur communications is not the answer to a claim of preemption. An absolute limitation of height affects Bodony's right to the full use of his amateur extra class license and the license to use his property as an amateur radio station issued by the F.C.C. The Zoning Board did not consider a height above 25 feet that would at the same time "accomplish the local authority's legitimate purpose." The F.C.C., in asserting a limited preemption, placed upon the

Zoning Board the duty of striking "a balance between the federal interest in promoting amateur operations and the legitimate interests of local governments in regulating local zoning matters." The recital by defendants of the findings of the Zoning Board in arguing its opposition to Bodony's motion does not preclude litigation of the validity of § 352.2 as it affects Bodony. *See University of Tennessee v. Elliot,* 478 U.S. 788, 106 S.Ct. 3220, 3225, 92 L.Ed.2d 635 (1986).

It is clear from the record of the hearing before the Zoning Board that a limit of 25 feet of antenna height seriously interferes with the full enjoyment by Bodony of his license to operate an amateur radio station.[2]

The record fails to show that the erection of the proposed antenna will endanger the health, safety and general welfare of the residents or be detrimental to the character of the neighborhood or to the residents. The Zoning Board did not determine the height above which the antenna would endanger the health, safety and general welfare of the residents. It is uncertain how the erection of the proposed antenna system will affect the outward appearance or aesthetic harmony of the neighborhood, given the proposed shielding of the system by trees. The action of the Zoning Board is devoid of any effort to make "a reasonable accommodation ... between the two sides."

We find that § 352.2 of the Building Ordinance is invalid as it applies to the plaintiff Andrew B. Bodony as an amateur extra class operator at the site licensed by the F.C.C. as an amateur radio station. Our

discussion on the height of amateur radio station antennas is not intended to suggest an appropriate height. We base our ruling on PRB-1, in preempting the right of the Zoning Board to arbitrarily fix a limitation on the height of an antenna to 25 feet.[3]

*Defendants' Motion for Summary Judgment*

■ Bodony opposes defendants' motion for summary judgment on the ground that he has not had the opportunity to discover materials in the exclusive possession of the defendants that would probably result in evidence showing the existence of material issues of fact. *Schering v. Home Ins. Co.,* 712 F.2d 4, 10 (2d Cir.1983), Fed.R.Civ.P. 56(f). We believe that Bodony has offered evidence that presents material issues of fact, and there is no reason to delay decision on the motion.

We turn to defendants' argument that the Zoning Board's decision may not be overturned unless the action is arbitrary and capricious. (Point IV, Defendants' Memo).

Count VII alleges a civil rights claim in charging the Zoning Board with (1) having denied Bodony's application before the hearing commenced, and (2) seeking advice and counsel from third parties ... as to the best manner in which to deny plaintiff's application ..." in violation of his right to due process. The court having directed production of document No. 7 in a memorandum of decision dated this day, and defendants having consented to the production of documents numbered 5 and 8, finds fact issues presented on this claim. The court of course does not find that the claim is established.

2. Testimony of experts indicates that a height of 60 to 70 feet is necessary for good reception under ideal atmospheric conditions. One Carl Silar, an amateur radio operator, stated that he received communications worldwide using an antenna which was less than 25 feet. He conceded 50 feet, 60 feet or 70 feet would achieve a better result. The F.C.C. permits operators of Citizen Band (CB) radio transmitters to use an antenna 60 feet in height holding "the primary purpose of permitting such an increase in height is to enable licensees to erect antennas above nearby obstacles which may absorb radiated energy and thus decrease ability to communicate." 42 F.C.C.2d 511, 513 (1973). In *Oelkers*

*v. City of Placentia,* No. CV 78-1301-RMT (C.D. Cal.1979) (unreported decision) holding a 15 foot limitation on the height of an antenna unconstitutional as it affected the plaintiff amateur radio operator and found that the plaintiff was deprived "of some radio frequencies" at an increased height of 50 feet (as ordered by the court).

3. We find it unnecessary to discuss the other grounds for the relief requested, i.e., Count IV (equal protection of law), and Count VI (§ 353.2 unconstitutionally vague).

**1014**

If Bodony succeeds on this claim, the decision of the Zoning Board must be vacated. We are not bound by the findings of the Zoning Board in such event. *See Acorn Ponds v. Incorporated Village of North Hills,* 623 F.Supp. 688, 693 (E.D.N.Y.1985). (The § 1983 claim goes beyond a claim of error in the application of the zoning laws and charges members of the Zoning Board with an abuse of power that violated plaintiff's right to due process). The issues presented in the claim were not before the Zoning Board.

Enough has been offered in the record of the hearings to establish material fact issues for trial. Summary judgment is denied.

We note in passing that abstention in a case involving claims of violation of constitutional rights is inappropriate.

ORDER

The motion of plaintiff Andrew B. Bodony for partial summary judgment is granted to the extent of declaring the 25 foot height limitation contained in section 352, para. 1 on the antenna system (an "accessory building") proposed by Bodony as void as it affects Bodony as an amateur extra class licensee for the licensed premises. Summary judgment on the issue of liability on Count I of the complaint is granted. *See Lytle v. Freedom International Carriers,* 519 F.2d 129, 133 (6th Cir.1975); *Leasing Service Corp. v. Graham,* 646 F.Supp. 1410, 1414 (S.D.N.Y.1986); Fed.R. Civ.P. 56(a); Wright, Miller & Kane, Federal Practice and Procedure 2d § 2737 at 446–53.

Defendants' motion for summary judgment is in all respects denied, and it is

SO ORDERED.