**John F. WILLIAMS, Plaintiff,**

v.

**CITY OF COLUMBIA, City of Columbia Zoning Board of Adjustment, J.M. McCulloch, Zack Weston, Katheryn Bellfield, Shirley Curry, Marsha Monteith, Edgar L. Morris, and Richard M. Ungar, In their Official Capacities as Members of the City of Columbia Zoning Board of Adjustment, and Nathanial B. Land, Jr., in his Official Capacity as Zoning Administrator of the City of Columbia, Defendants.**

Civ. A. No. 88–2199–15.

United States District Court,
D. South Carolina,
Columbia Division.

Feb. 28, 1989.

Richard A. Farrier, Jr., Nelson, Mullins, Riley & Scarborough, Columbia, S.C., for plaintiff.

James S. Meggs, Office of the City Atty., Columbia, S.C., for defendants.

## ORDER

HAMILTON, District Judge.

This case arises out of the refusal of the City of Columbia Zoning Board of Adjustment (ZBA or Board) to grant plaintiff a special exception to zoning ordinance provisions which prohibit the installation of antennas measuring over 17 feet. The matter is currently before the court upon plaintiff's motion for summary judgment. Jurisdiction of the court is premised upon 28 U.S.C. § 1343.

Plaintiff is an amateur radio operator who seeks to install an antenna system for his amateur radio station.[1] In November 1987 plaintiff began preparations for the erection of his antenna system, consisting of a commercially manufactured retractable steel antenna tower surmounted by an aluminum antenna. Although the antenna measures only 23 feet in its retracted position, fully extended it measures 55 to 65 feet. The municipal ordinance at issue, however, prohibits the installation or placement of antennas exceeding 17 feet absent a special exception.[2] Consequently, plaintiff requested a special exception from the ZBA, and was unanimously turned down.

Failing to obtain a special exception from the ZBA, plaintiff has filed the present suit seeking to invalidate zoning regulations that preclude installation of his antenna

tower. First, invoking 42 U.S.C. § 1983, plaintiff asserts in Count I of the complaint that the actions of the defendants in denying his request for a special exception violate the First and Fourteenth Amendments to the United States Constitution (Constitution). Count II alleges that § 6–3099 of the Zoning Ordinance of the City of Columbia (Ordinance), which prohibits antennas over 17 feet without special exception, is preempted by a declaratory ruling published by the Federal Communications Commission (FCC or Commission) on September 25, 1985. Plaintiff declares in Count III that the height restriction of § 6–3099 creates an unconstitutional burden on radio communication and interstate commerce in violation of Article I, Section 8 of the Constitution. Count IV asserts that the ZBA's denial of plaintiff's request for a special exception violates his rights of free speech, assembly and association under the First Amendment. In the next Count of the complaint, which is also labelled as Count IV, plaintiff alleges that certain provisions of the ordinance violate the equal protection clause of the Fourteenth Amendment. Plaintiff has also alleged, in separate counts, that the applicable provisions of the Ordinance are vague and overbroad and that § 6–3099 is unreasonable, arbitrary, discriminatory, oppressive, and confiscatory and thus constitutes an arbitrary interference with substantial property rights. Finally, plaintiff claims entitlement to attorneys fees pursuant to 42 U.S.C. § 1988.

In his motion for summary judgment, plaintiff asserts that the Ordinance, on its

---

1. The term "amateur radio station" refers to the electronic equipment necessary to engage in two-way communication on frequencies designated for that purpose by the federal government. *See* 47 C.F.R. §§ 97.3, 97.7, and 97.40 (1986).

2. Section 6–3099, City of Columbia Code of Ordinances, provides in pertinent part:

   [a]ntennas measuring over 17 feet above ground to the top of the antennas require approval of the board of adjustment as a special exception.

   Notably, in deciding a request for a special exception, the ZBA is guided by the standards contained in section 6–3191(c), which provides:

[i]n addition to the definitive standards in this chapter, the board of adjustment shall consider the following:
1. traffic impact;
2. vehicle and pedestrian safety;
3. potential impact of noise, lights, fumes or obstruction of air flow on adjoining property;
4. adverse impact of the proposed use on the aesthetic character of the environs, to include possible need for screening from view; and
5. orientation and spacing of improvements or building.

face and as applied, is inconsistent with the federal interest in promoting amateur radio communication and is therefore preempted by FCC regulations. Plaintiff also argues that the Ordinance, on its face and as applied, is impermissibly vague in violation of the due process clause of the Fourteenth Amendment. Lastly, plaintiff states that the Ordinance contravenes the equal protection clause of the Fourteenth Amendment.

Defendants concede that issuance of FCC regulations has effected a *limited* preemption of local zoning laws, but argue nevertheless that the subject zoning provisions reflect the proper balancing of federal, state, and local interests. Also, defendants note that plaintiff failed to offer any testimony at the ZBA hearing regarding the need for an antenna exceeding 17 feet in height. Defendants seek to distinguish cases which have allowed installation of similar antennas in the face of conflicting zoning regulations by arguing that plaintiff, at the ZBA hearing held to consider his request, (1) failed to state he was relying upon FCC regulations to support his request, (2) did not establish the need for an antenna exceeding 17 feet through expert testimony, and (3) did not claim he was precluded or even limited from amateur radio communications as a result of the height restrictions. Rather, in support of his request for a special exception, defendants assert plaintiff merely stated that he had finished building his garage and thus knew where he wanted to place the antenna. Defendants therefore contend that the Board was forced to balance this alleged weak showing of need by plaintiff against important local considerations such as public health, safety, and welfare, as well as neighborhood aesthetics. Accordingly, defendants assert that the Board did not arbitrarily or capriciously deny plaintiff's request for a special exception.

Historically, the power reserved by state and local governments to control the development and zoning of lands within their respective jurisdictions has frequently been at odds with countervailing federal interests such as national defense and interstate commerce. Nonetheless, under the Supremacy Clause, U.S. Const. art. VI, conflicting state and local statutes, ordinances, and regulations may be, and have been, preempted by federal laws and regulations when: (1) Congress, acting pursuant to its enumerated powers, expressly preempts state law, *see Jones v. Rath Packing Co.*, 430 U.S. 519, 524–25, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604, *reh'g denied*, 431 U.S. 925, 97 S.Ct. 2201, 53 L.Ed.2d 240 (1977); (2) Congress implicitly evidences an intent to completely occupy a field to the exclusion of state law, *see Fidelity Federal Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153–54, 102 S.Ct. 3014, 3022–23, 73 L.Ed.2d 664 (1982) (intent evidenced by a pervasive regulatory scheme); (3) state law conflicts with federal law, *see Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1217–18, 10 L.Ed.2d 248 (1963) (compliance with both federal and state laws an impossibility); or (4) state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941). Importantly, regulations promulgated by a federal administrative agency have been held to possess the same preemptive effect enjoyed by congressional enactments. *See Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 698–99, 104 S.Ct. 2694, 2699–2700, 81 L.Ed.2d 580 (1984); *Fidelity Federal Savings, supra.*

On July 16, 1984, the American Radio Relay League, Inc. (ARRL) requested that the FCC issue a declaratory ruling to limit the authority of state and local zoning and regulatory boards and agencies over federally-licensed radio facilities. Pursuant to this request, the FCC issued a declaratory ruling (PRB–1) on September 19, 1985, which effected a *limited* preemption of such state and local regulation. *In the Matter of Federal Preemption of State and Local Regulations Pertaining to Amateur Radio Facilities*, 101 F.C.C.2d 952, 50 Fed.Reg. 38,813 (1985) (PRB–1). As stated in PRB–1:

state and local regulations that operate to *preclude* amateur communications in

their communities are in direct conflict with federal objectives and must be preempted.

*Id.* para. 24. Nevertheless, the Commission stopped far short of specifying an arbitrary minimum permissible antenna height, opting instead to set forth a flexible standard of review for local ordinances that restrict placement, screening, or height of antennas. Recognizing the legitimate interests of local governments in protecting the health, safety, and welfare of their residents, the Commission stated:

> local regulations which involve placement, screening, or height of antennas based on health, safety, or aesthetic considerations must be crafted to *accommodate reasonably* amateur communications, and to represent the minimum practicable regulation to accomplish the local authority's legitimate purpose.

*Id.* para. 25. Thus, the reasonable accommodation standard requires that local zoning ordinances represent the minimum practicable regulation of the placement, screening, or height of antennas necessary to accomplish these legitimate local interests.

Several courts have recognized the preemptive effect of PRB–1 since it was issued by the FCC in September 1985. In *Thernes v. City of Lakeside Park,* 779 F.2d 1187 (6th Cir.1986) (per curiam), the court vacated the district court ruling that had upheld a zoning ordinance which prohibited installation of amateur radio antenna towers, remanding the case for reconsideration in light of the issuance of PRB–1. Unlike the present ordinance, however, the ordinance in *Thernes* flatly prohibited amateur radio antenna towers. Consequently, it is not clear that *Thernes* provides any guidance in determining whether the subject provisions pass muster under the reasonable accommodation standard.

In addition to *Thernes,* two district court decisions have relied upon PRB–1 to restrict or invalidate zoning limitations on antenna height. In both cases, however, the court closely examined zoning board records to determine whether the boards had properly considered federal interests in

their decision to deny the amateur radio operator a permit or license to erect an antenna tower. In *Bulchis v. City of Edmonds,* 671 F.Supp. 1270 (W.D.Wash.1987), the court invalidated the process used by defendant to deny an amateur radio operator's request for a conditional use permit to install a 70 foot retractable antenna tower. Under the ordinance at issue there, a conditional use permit was required for an antenna or tower projecting more than 25 feet above the ground. *Id.* at 1272. After carefully examining the transcripts of the hearings before the relevant local administrative bodies, the court determined that the process utilized to determine whether a conditional use permit should be issued did not provide for the reasonable accommodation of amateur radio communication, and hence was invalid as applied to the plaintiff. *Id.* at 1274. Similarly, PRB–1 was deemed to preempt the right of a local zoning board to arbitrarily fix an antenna height limitation in *Bodony v. Incorporated Village of Sands Point,* 681 F.Supp. 1009 (E.D.N.Y.1987). There, the defendant issued a summons charging an amateur radio operator with violation of a village ordinance for attempting to install an antenna system which was 23 feet in its retracted position and 86 feet in its extended position. Commenting on the effect of PRB–1, the court stated:

> [t]he F.C.C., in asserting a limited preemption, placed upon the Zoning Board the duty of striking "a balance between the federal interest in promoting amateur operations and the legitimate interests of local governments in regulating local zoning matters."

*Id.* at 1012–13. Application of this standard led the court to invalidate a 25 foot height limitation on accessory buildings found in the municipality's zoning ordinance. Like in *Bulchis,* the court relied heavily upon the record before the zoning board in making its determination. *Id.* at 1013.

■ Unlike *Bulchis* and *Bodony,* however, the present record does not contain *any* transcript of the proceeding before the ZBA. Rather, the minutes of the hearing

reveal that neither party to this suit was apparently aware of PRB–1. As a result, the board did not technically tailor its analysis along the lines suggested in PRB–1. On the other hand, plaintiff gave no justification for an antenna in excess of 17 feet (the limit by ordinance absent a special exception) other than that he had finished building his garage and now knew where he wanted to place the antenna. Consequently, although the Board may have been perfectly justified, based upon the record before it, in denying plaintiff's request for a special exception, it was also at fault for failing to perform, on its own initiative, the reasonable accommodation analysis required by PRB–1. Because PRB–1 preempts local zoning ordinances (and decisions based upon such provisions) that fail to consider the federal interest in maintaining a strong pool of amateur radio operators capable of assisting in national and local emergencies, the procedure used to deny plaintiff's request for a special exception to the 17 feet height limitation found in § 6–3099 cannot stand.

■ Nevertheless, the mere fact that a particular federal interest has emerged in an area of almost exclusive state and local control—land use and zoning—does not automatically lead to the conclusion that legitimate local interests do not retain substantial importance. See *Fralin and Waldron, Inc. v. City of Martinsville,* 493 F.2d 481 (4th Cir.1974) (Clark, J.); *Meredith v. Talbot County, Maryland,* 828 F.2d 228 (4th Cir.1987); *Izzo v. Borough of River Edge,* 843 F.2d 765 (3d Cir.1988). As stated by the court in *Izzo:*

> [w]e share the district court's sensitivity to the federal judiciary's traditional respect for local administration and control of land use regulation. Federal courts have expressly disavowed any desire to sit as a statewide board of zoning appeals hearing challenges to actions of municipalities.
>
> Land use policy has been considered a feature of local government and an area

in which the tenets of federalism are particularly strong.

*Id.* at 769. Although the *Izzo* court ultimately determined that invocation of *Burford* abstention was inappropriate due to the presence of a strong federal interest, *id.* at 769,[3] the importance placed upon federal judicial deference to state and local regulation of land use and zoning matters cannot be ignored. Indeed, in addition to its repeated explicit recognition of the strong local interest in regulating land use and zoning, the FCC implicitly recognized this principle in codifying a *limited,* rather than a complete, preemption of local control over the placement, screening, and height of amateur radio antenna systems.

Likewise, the mere fact that federal court abstention over zoning disputes such as the present case may not be appropriate, *see Izzo,* 843 F.2d at 768–69, does not eliminate the strong local interest in regulating installation of antenna systems that might adversely affect the safety, health, aesthetics, and general welfare of the surrounding community. Furthermore, this court is wary of imposing its own zoning standards in lieu of the careful standards incorporated into the city ordinance provisions at issue in this case. Consequently, the decision of the ZBA, the members of which presumably have particular expertise and competence in land use regulation and zoning, should not be lightly overturned by judicial fiat, at least not without affording the Board an opportunity to conform its practices to relatively new federal administrative regulations.

This conclusion is certainly not extraordinary or without precedent. Illustrative is the approach taken by federal courts in habeas corpus petitions brought under 28 U.S.C. § 2254. In this context, the Supreme Court has recognized a need to avoid needless frustration of the States' sovereign power to punish criminal offenders. *See Murray v. Carrier,* 477 U.S. 478, 487, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

---

**3.** As the court noted, however, the presence of a constitutional or other federal interest is not necessarily dispositive in resolving a *Burford* abstention problem. *Id.* at 768. *See Alabama*

*Pub. Serv. Comm'n v. Southern Ry.,* 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951) (*Burford* abstention held appropriate despite assertion of federal constitutional claim).

*See also Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Consequently, a writ of habeas corpus is ordinarily not issued, even if the petitioner is otherwise entitled, where the state promptly elects to retry him or her. *See Shirley v. State of North Carolina,* 528 F.2d 819, 823 (4th Cir.1975). Similarly, judicial invalidation of municipal ordinances that place limitations upon amateur radio antenna height would needlessly frustrate state and local land use planning and regulation designed to promote the health, safety, and welfare of the general public.

As previously stated, therefore, two major considerations weigh in favor of allowing the ZBA an opportunity to reconsider its denial of plaintiff's request. First, the need to accord deference to the competency and expertise of an administrative body in a highly complex area is self-evident. Perhaps more important, federal judicial encroachment of an area of almost exclusive state and local control should not be lightly undertaken. As a result, local zoning boards are best suited to strike the proper balance between the federal interests outlined in PRB-1 and the strong local interests in regulating land use and zoning.

Because the record fails to show that the ZBA considered the federal interest in maintaining a network of amateur radio communication stations capable of transmitting at frequencies licensed by the FCC, the order of the ZBA purporting to deny plaintiff's request for a special exception under the applicable ordinance provisions is hereby declared null and void. Plaintiff's motion for summary judgment is denied in all other respects.[4] Nevertheless, should the ZBA (1) allow plaintiff an opportunity to resubmit his request for a special exception to erect his retractable antenna system, and (2) issue a ruling which reflects consideration of the reasonable accommo-

dation requirements of PRB-1 within 60 days of this Order, this case will be dismissed without prejudice, and the Order of this court issued on this date shall be of no further force or effect.[5] To facilitate this procedure, this case shall be retained by the clerk on this court's docket for a period of 60 days from the date of this Order. In the event that the ZBA has not complied with the aforementioned requirements within this period, and so notified the court to this effect in the manner hereinbefore described, summary judgment shall be granted in favor of the plaintiff.

IT IS SO ORDERED.

---

**4.** Of course, invalidation of the Board's procedure on preemption grounds renders analysis of plaintiff's other arguments unnecessary.

**5.** To fully comply with these two requirements, each member of the ZBA shall certify to this court by sworn affidavit that he or she has

rendered a decision in good faith compliance with the reasonable accommodation standard contained in PRB-1. And, of course, plaintiff remains free to petition an appropriate court to review the Board's decision.