922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joel GOLDBERG, Plaintiff-Appellant,
v.
CHARTER TOWNSHIP OF WEST, BLOOMFIELD, Sandra Draur, R.G.
Crites, and Estate of John N. Doherty, Defendants-Appellees.
 No. 90-1039.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and Bailey BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 On or about November 15, 1983, Joel Goldberg ("plaintiff"), a federally licensed amateur radio operator, purchased a condominium unit in the Township of West Bloomfield ("Township"). This residence was subject to a deed restriction precluding the erection of an antenna tower on that property. At the time of this purchase, plaintiff and his wife also acquired an undivided one-sixth fee interest as tenants in common in a vacant lot contiguous with plaintiff's condominium property ("Lot"). This Lot contained no deed restrictions concerning the erection of an antenna tower. Plaintiff contemplated establishing an amateur radio station in his home and erecting an antenna tower on the Lot.
 
 
 2
 Prior to the purchase of these properties, plaintiff contacted the West Bloomfield Building Department ("Department") and inquired about the legality of placing an antenna tower on residential property. Plaintiff was told that an antenna could be built if it would not fall on neighboring property. Plaintiff did not make clear that the lot on which the antenna tower would sit was not his residence lot, but was vacant. Nor did the Department representative make known to plaintiff that the Township zoning ordinances distinguished between vacant and developed residentially zoned property. This distinction lies at the heart of the instant dispute.
 
 
 3
 The relevant section of the Township, Zoning Ordinance No. 56, as amended (June 1, 1966) ("Ordinance"), states:
 
 
 4
 In an R-10, R-12.5 and R-15 One-Family Residential District, no building or land shall be used and no building shall be erected except for one or more of the following specified uses unless otherwise provided in this Ordinance:
 
 
 5
 1. One-Family detached dwelling.
 
 
 6
 2. Farms.
 
 
 7
 3. Publicly owned and operated libraries, parks, parkways and recreational facilities.
 
 
 8
 4. Public, parochial and other private elementary schools offering courses in general education and not operated for profit.
 
 
 9
 5. Family day care and group day care homes provided the facility is licensed by the State of Michigan and registered with the Township Clerk.
 
 
 10
 6. Accessory buildings and uses customarily incident to any of the above permitted uses....
 
 
 11
 Id. Sec. 7.1-1, at 71; Joint App. at 134. Thus, any accessory buildings or uses on a lot must be incidental to one of the primary uses stated in paragraphs 1-5 of section 7.1-1 of the Ordinance. "Accessory building or structure" is defined as "[a] subordinate building, or structure the use of which is clearly incidental to that of the main building or to the use of the land." Id. Sec. 2.1, at 3; Joint App. at 90 (emphasis in original). "Accessory use" is defined as "[a] use subordinate to the principal use of a lot and used for purposes clearly incidental to those of the principal use." Id.
 
 
 12
 The Lot falls within a one-family residential district and is vacant. It fails to meet any of the primary use requirements of the Ordinance. An antenna tower is considered an accessory building or use. Hence, the Ordinance precludes erection of an antenna tower on the Lot.
 
 
 13
 After purchasing these properties, plaintiff took steps to erect an antenna tower on the Lot. All of the Lot owners agreed in writing that plaintiff could erect an amateur radio tower and antenna thereon, subject only to one couple's approval as to its placement on the Lot. Plaintiff also applied for a building permit from the Department to erect an antenna tower on the Lot. In July 1984, the Department denied plaintiff's request, asserting that the permit would be in violation of the Ordinance because the proposed erection site was a vacant lot. The Department advised plaintiff to seek a zoning variance from the Township's Zoning Board ("Zoning Board"). Plaintiff complied. After notice and a hearing, the Zoning Board denied plaintiff's request for a variance. Plaintiff subsequently filed a modified application for a variance with the Zoning Board. This too was denied.
 
 
 14
 In 1985, the Federal Communication Commission ("FCC") released a declaratory ruling entitled "Federal Preemption of State and Local Regulations Pertaining to Amateur Radio Facilities." Amateur Radio Preemption, 101 FCC.2d 952, 50 Fed.Reg. 38,813, 58 Pike and Fischer Radio Regulation 2d 1452 (1985) ("PRB-1"). PRB-1 addressed those situations in which state and zoning regulations impede federal interests in amateur radio operations. This declaratory ruling adopted a "limited preemption policy," stating that "local regulations which involve placement, screening, or height of antennas based on health, safety, or aesthetic considerations must be crafted to accommodate reasonably amateur communications, and to represent the minimum practicable regulation to accomplish the local authority's legitimate purpose." Id. paras. 24-25.
 
 
 15
 Armed with PRB-1, plaintiff reapplied for a building permit in November 1985. Plaintiff made no mention on the application of his previous attempts to secure a building permit and variance. Unfortunately, the information on the application led Department personnel to believe that plaintiff sought a building permit for erection of an antenna tower on his condominium property. The Department issued a building permit based on this belief. Upon discovering this error, the Department rescinded the building permit because it violated the Ordinance.
 
 
 16
 Without seeking a variance from the Zoning Board based on the authority of PRB-1, plaintiff brought suit in the United States District Court for the Eastern District of Michigan. Plaintiff made numerous allegations. First, plaintiff alleged that the Ordinance violated 47 U.S.C. Secs. 151 et seq. and PRB-1 under the commerce and supremacy clauses of the United States Constitution. Second, plaintiff argued that the Ordinance violated the first amendment by prohibiting his world-wide communication. Third, plaintiff claimed that the Department's unilateral recision of the building permit constituted a taking of property and property rights without affording plaintiff due process of law in violation of the fifth amendment. Fourth, plaintiff contended that the Township took plaintiff's property without just compensation in violation of the fifth amendment. Fifth, plaintiff alleged a deprivation of his federal rights in violation of 42 U.S.C. Secs. 1983 and 1985. Finally, plaintiff argued that the Township improperly interpreted the Ordinance. The District Court granted the Township's motion for summary judgment on all counts. This appeal followed.
 
 
 17
 On appeal plaintiff argues that the Ordinance is preempted by the PRB-1 because it fails to reasonably accommodate amateur radio communications and does not represent the minimum practicable regulation to accomplish its purpose. Plaintiff contends that the deprivation of his federal rights violates 42 U.S.C. Secs. 1983 and 1985, requiring, among other remedies, the Township to pay plaintiff's attorney's fees and costs under 42 U.S.C. Sec. 1988.
 
 
 18
 Plaintiff challenges the Ordinance in two ways. First, plaintiff challenges the validity of the Ordinance on its face in light of PRB-1. In other words, plaintiff contends that no possible construction of the language of the Ordinance would accommodate the federal policies stated in PRB-1. This challenge requires analyses of the preemptive scope of PRB-1 and of the language of the Ordinance.
 
 
 19
 The FCC has promulgated a policy of limited preemption to address the situation in which the construction of an amateur radio antenna tower conflicts with local land use law. PRB-1 is based on a principle of reasonable accommodation. The relevant portions of PRB-1 state:
 
 
 20
 Few matters coming before us present such a clear dichotomy of viewpoint as does the instant issue. The cities, counties, local communities and housing associations see an obligation to all of their citizens and try to address their concerns. This is accomplished through regulations, ordinances or covenants oriented toward the health, safety and general welfare of those they regulate. At the opposite pole are the individual amateur operators and their support groups who are troubled by local regulations which may inhibit the use of amateur stations or, in some instances, totally preclude amateur communications.... In this situation, we believe it is appropriate to strike a balance between the federal interest in promoting amateur operations and the legitimate interests of local governments in regulating local zoning matters. The cornerstone on which we will predicate our decision is that a reasonable accommodation may be made between the two sides.
 
 
 21
 * * *
 
 
 22
 * * *
 
 
 23
 Upon weighing these interests, we believe a limited preemption policy is warranted. State and local regulations that operate to preclude amateur communications in their communities are in direct conflict with federal objectives and must be preempted.
 
 
 24
 PRB-1, paras. 22, 24. PRB-1 does not foreclose state and local government action in this area; nor does it mandate how the state or local government must accommodate federal interests. See id, para. 25 (refusing to "suggest the precise language that must be contained in local ordinances, such as mechanisms for special exceptions, variances, or conditional use permits"). Under FCC policy, a state or local government is free to exercise its discretion to determine how it will accommodate the federal interests stated in PRB-1, so long as it does not preclude amateur radio communications in a community.
 
 
 25
 The Ordinance is valid on its face based on the limited preemption policy of PRB-1. The Ordinance bans the construction of antenna towers on vacant lots in a residential district. Conversely, the Ordinance permits the construction of antenna towers in all use districts including developed lots in areas zoned for residential housing. Ordinance Sec. 5.20(D), at 36. Therefore, the language of the Ordinance does not preclude amateur radio communications in this community.
 
 
 26
 Moreover, the Township has procedural mechanisms in place to allow for exceptions to the Ordinance. A party may appeal to the Zoning Board, and this board will review the circumstances and determine whether a variance to the Ordinance is justified. The Zoning Board is able to balance the community interests addressed by the Ordinance against the federal interests enunciated in PRB-1. This procedural mechanism further supports the validity of the Ordinance in light of PRB-1's limited preemption policy. Hence, the Ordinance is not invalid on its face.
 
 
 27
 Plaintiff also seeks preemption of the Ordinance based on the Township's application of the Ordinance. This challenge addresses the actions of the Township in applying the Ordinance rather than the language of the Ordinance itself. This challenge, however, is premature because plaintiff has failed to allow the Zoning Board to interpret and to apply the statute in light of PRB-1. See Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985); Williams v. City of Columbia, 707 F.Supp. 207 (D.S.C.1989), aff'd, 906 F.2d 994 (4th Cir.1990).
 
 
 28
 Several reasons support our decision to require review by the Zoning Board prior to judicial review. PRB-1 allows a municipality to regulate the use of its land, an activity of primarily local concern in which the principles of federalism are particularly strong. See Izzo v. Borough of River Edge, 843 F.2d 765 (3d Cir.1988); Thernes v. City of Lakeside Park, 779 F.2d 1187 (6th Cir.1986). Deciding this case prior to review by the Zoning Board would undercut the deference given by PRB-1 to local governing bodies in determining how to apply their zoning ordinances so as to accommodate the relevant federal interests. See PRB-1, para. 25 (refusing to "suggest the precise language that must be contained in local ordinances, such as mechanisms for special exceptions, variances, or conditional use permits " (emphasis added)). Further, lacking a final decision by the Zoning Board, this Court cannot determine whether the Township is applying the Ordinance in a manner inconsistent with the federal policies stated in PRB-1. Finally, an appeal to the Zoning Board will produce a record which this Court can review if the Zoning Board's decision is challenged. Other courts have relied heavily upon the records established during zoning board hearings to determine whether PRB-1 was accommodated by the local government. See, e.g., Bodony v. Incorporated Village of Sands Point, 681 F.Supp. 1009 (E.D.N.Y.1987). Lacking a record, this Court cannot evaluate the propriety of the Township's actions in light of PRB-1.
 
 
 29
 Plaintiff cites several cases in which courts have upheld the rights of an amateur radio operator over a zoning authority. See Williams, 707 F.Supp. at 207 (seeking judicial review of ordinance after zoning board rejected plaintiff's request for a special exception to the ordinance); Bodony, 681 F.Supp. at 1009 (seeking judicial review after zoning board denied plaintiff's request for a variance); Bulchis v. City of Edmonds, 671 F.Supp. 1270 (W.D.Wash.1987) (seeking judicial review after city council conducted a de novo review of the hearing examiner's denial). These cases, however, are distinguishable from the instant appeal based on their procedural postures. In all of these cases, the plaintiff first appealed to the local zoning board, or its equivalent, for an exception to the general rule established by the zoning ordinance.
 
 
 30
 Because we find no violation of plaintiff's federal rights, plaintiff's claims based on 42 U.S.C. Secs. 1983 and 1985 are without merit. The Township acted within constitutional bounds and accorded plaintiff due process of law when it rescinded the building permit.
 
 
 31
 Accordingly, this Court AFFIRMS the decision of the District Court.