■ In the Matter of Constantino G. Basile, Respondent, v Town of Brookhaven et al., Appellants, et al., Respondents.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: The Board of Zoning Appeals of the Town of Brookhaven granted a height variance for the construction of an amateur radio antenna on a parcel of residential property. In this CPLR article 78 proceeding, brought by a neighboring property owner, Supreme Court found that the determination to grant the variance was unsupported by the record. The court concluded that the antenna was to be constructed too close to the applicant's property line to ensure that it would not fall onto the neighboring lot. The court also found that construction of the antenna would require destruction of numerous trees and root systems, in violation of the Town of Brookhaven tree preservation ordinance *(see,* Brookhaven Town Code ch 70 [Local Laws, 1987, No. 7 of Town of Brookhaven]). In remitting the matter to the Board, the court granted leave to the applicant to amend the application to permit construction of the antenna at a different location on the property.

We reverse and dismiss the petition. Supreme Court "may set aside a zoning board determination only where the record reveals illegality, arbitrariness or abuse of discretion" *(Matter of Cowan v Kern,* 41 NY2d 591, 598). The "determination of the responsible officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence in the record" *(Matter of Cowan v Kern, supra,* at 598).

Initially, we note that the record contains no evidence that

the applicant intended to remove trees from his property in violation of the tree preservation ordinance. The concerns raised at the hearing were possible radio interference and the location of the antenna on the applicant's property. Those concerns were fully considered by the Board and were resolved in favor of granting the variance. The applicant was required to submit proof of periodic maintenance of the antenna, and the variance was granted subject to compliance with all regulations of the Federal Communications Commission. In our view, the Board properly balanced the health, safety and welfare of the community with the Federal interest in the promotion of amateur radio communication *(see, Bodony v Incorporated Vil. of Sands Point,* 681 F Supp 1009), and its determination should not be disturbed. (Appeal from Judgment of Supreme Court, Suffolk County, Rohl, J.—Article 78.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.