William F. BULCHIS, Plaintiff,

v.

CITY OF EDMONDS, Defendant.

No. C86–1508D.

United States District Court,
W.D. Washington.

Oct. 13, 1987.

Hans E. Johnsen, Johnsen & Oliver, Seattle, for plaintiff.

Scott Snyder, Ogden, Ogden, Murphy & Wallace, Seattle, for defendant.

## MEMORANDUM OPINION AND ORDER

DIMMICK, District Judge.

■ Defendant City of Edmonds moves for summary judgment dismissal of plaintiff William F. Bulchis' cause of action. In his response memo, plaintiff similarly moves for summary judgment in his favor.[1]

After full consideration of the memoranda, affidavits and documents submitted by counsel, the Court grants summary judgment in favor of plaintiff, finding that the City has not applied its conditional use permit ordinance in conformity with federal regulations.

■ Bulchis contests the validity of the city ordinance under which he was denied his application for a 70–foot retractable amateur radio transmitting antenna.[2] The Court has federal question jurisdiction since Bulchis has raised issues of constitutional law, federal preemption and application of federal regulations. He seeks a declaratory ruling and equitable relief.

### THE FACTS

Bulchis is a resident of the City of Edmonds, living in an area zoned for single-family residences. He operates an amateur radio station out of his residence. The Federal Communications Commission ("FCC") has licensed him as an amateur radio operator and has licensed his station.

In April of 1986, Bulchis applied to the Hearing Examiner for the City of Edmonds for a conditional use permit to erect at the rear of his house a 70–foot retractable tower. According to the findings of the Hearing Examiner, the tower would be 21.5 feet when retracted; its width at the base would be 22.63 inches. The Hearing Examiner denied the permit, premising his decision on the criteria outlined in the Edmonds Community Development Code ("ECDC") Chapter 20.05.010, despite Bulchis' claim that a 70–foot tower is necessary in order to reduce the angle of radiation and permit the receipt of stronger signals. The Hearing Examiner denied Bulchis' permit based on his findings, including the fact that Bulchis "has failed to satisfy all the criteria"

---

1. The City challenges the timeliness of plaintiff's motion for summary judgment (coming as it does after the deadline for dispositive motions). But because the issues in either summary judgment motion are the same, the Court's decision is dispositive on this case. Additionally, a court may *sua sponte* grant summary judgment to a non-moving party after full consideration if it appears that a trial would be useless. *Cool Fuel, Inc. v. Connett,* 685 F.2d 309 (9th Cir.1982).

2. On the facts, Bulchis has appealed the City's denial of his application for a conditional use permit to the Superior Court of the State of Washington, Snohomish County, Cause No. 86–2–04995–7.

of Chapter 20.05.010. The Examiner's concluding comments follow:

> This request was a very difficult matter to decide. Section 20.100.010(b) of the ECDC sets forth the authority of the Hearing Examiner to act upon a conditional use permit and make a decision thereon. In reviewing the material presented, it is encumbent upon the Hearing Examiner to review the criteria of § 20.05.010 of the ECDC. As set forth in the Conclusions of the document, it is the impression of the Hearing Examiner that the criteria of § 20.05.010 of the ECDC have not been satisfied. Accordingly, the conditional use permit has been denied.

> An unusual element is added to this particular request. As the Applicant has eloquently presented in his presentation at the public hearing, and in his Memorandum of Authority, there is an issue as to whether the Federal Communications Commission's Order of September 19, 1985, restricts local regulation of height standards for the radio tower. According to the Applicant, this regulation preempts all the City's authority in the restriction of heights of reasonable amateur communications and the towers needed to conduct such operation. It is not the function of the Hearing Examiner to review the federal law and apply federal administrative regulations and federal pre-emption rights to local land use issues. The only criteria that have been reviewed in this matter are the criteria as set forth in the ECDC. No determination has been made on tne federal pre-emption rights alleged by the Applicant.

On August 5, 1986, the Edmonds City council conducted a *de novo* review of the Hearing Examiner's denial. In a written decision dated August 28, 1986, the council upheld the Hearing Examiner and denied the permit.

### THE LAW

Pursuant to the ECDC, in a single-family residence zone, an antenna or tower projecting more than 25 feet above the ground requires a conditional use permit. Chapter 16.20.010. A conditional use permit may be issued under the following provision:

> No conditional use permit may be approved unless all of the findings in this section can be made.

> (A) That the proposed use is consistent with the Comprehensive Plan.

> (B) *Zoning Ordinance,* That the proposed use, and its location, is consistent with the purposes of the Zoning Ordinance and the purposes of the zone district in which the use is to be located, and that the proposed use will meet all applicable requirements of the Zoning Ordinance.

> (C) *Not Detrimental.* That the use, as approved or conditionally approved, will not be significantly detrimental to the public health, safety and welfare, and to nearby private property or improvements unless the use is a public necessity.

> (D) *Transferability.* The Hearing Examiner shall determine whether the conditional use permit shall run with the land or shall be personal. If it runs with the land and the Hearing Examiner finds it in the public interest, the Hearing Examiner may require that it be recorded in the form of a covenant with the Snohomish County Auditor. The Hearing Examiner may also determine whether the conditional use permit may or may not be used by a subsequent user of the same property.

Chapter 20.05.010.

The FCC has carved out a limited area of preemption when construction of an amateur radio antenna collides with local land use law. PRB-1 promulgated by the FCC states in part as follows:

> Few matters coming before us present such a clear dichotomy of viewpoint as does the instant issue. The cities, counties, local communities and housing associations see an obligation to all of their citizens and try to address their concerns. This is accomplished through regulations, ordinances or covenants oriented toward the health, safety and general welfare of those they regulate. At the opposite pole are the individual amateur

operators and their support groups who are troubled by local regulations which may inhibit the use of amateur stations or, in some instances, totally preclude amateur communications.... In this situation, we believe it is appropriate to strike a balance between the federal interest in promoting amateur operations and the legitimate interests of local governments in regulating local zoning matters. The cornerstone on which we will predicate our decision is that a reasonable accommodation may be made between the two sides.

.      .      .      .      .

Because amateur station communications are only as effective as the antennas employed, antenna height restrictions directly affect the effectiveness of amateur communications. Some amateur antenna configurations require more substantial installations than others if they are to provide the amateur operator with the communications that he/she desires to engage in. For example, an antenna array for International amateur communications will differ from an antenna used to contact other amateur operators at shorter distances. We will not, however, specify any particular height limitation below which a local government may not regulate, nor will we suggest the precise language that must be contained in local ordinances, such as mechanisms for special exceptions, variances, or conditional use permits. Nevertheless, local regulations which involve placement, screening, or height of antennas based on health, safety, or aesthetic considerations must be crafted to accommodate reasonably amateur communications, and to represent the minimum practicable regulation to accomplish the local authority's legitimate purpose.

50 Fed.Reg. 38813 (1985) (footnote omitted).

A similar limited preemption has been expounded by the FCC for satellite dish receivers in conflict with local land use law. 95 F.C.C.2d 1223 (1983). In evident response to this dictate, the City of Edmonds has adopted an ordinance governing satellite television antennas, Chapter 16.20.-050(D). This ordinance provides that the Hearing Examiner may grant a waiver from its provisions upon findings of either technological impracticality, or less burdensome alternatives.

■ Federal preemption is premised on the Supremacy Clause and manifestation of Congressional intent to exclude state law. *Chicago & North Western Transportation Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 317, 101 S.Ct. 1124, 1130, 67 L.Ed.2d 258 (1981). Federal regulations, as well as statutes, may manifest preemptive intent. *Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 698–99, 104 S.Ct. 2694, 2699–2700, 81 L.Ed.2d 580 (1984). The City does not contest the FCC's power to preempt local law in regulating antenna standards. But the FCC ruling at issue in this case expresses only a partial preemption. It does, however, require that local land use regulations take into consideration the needs of the amateur radio operator and exert the minimum control consistent with the welfare of the local community.[3]

## ANALYSIS

Bulchis contends that the partial preemption by the FCC is not recognized in the ECDC, Chapter 20.05.010; and it is thus unconstitutional on its face. He further argues that by recognizing the balancing required to accommodate satellite dishes, the ECDC discriminates against one form

---

**3.** The parties cite to only one case which directly addresses the preemption issue in the context of PRB–1. *Thernes v. City of Lakeside Park,* 779 F.2d 1187 (6th Cir.1986). The parties in *Thernes* stipulated that the city's zoning ordinance contained an outright prohibition against radio towers in the city. The district court had granted summary judgment in favor of the city. The FCC's ruling, PRB–1, was handed down during the pendency of appeal, and thus influenced the circuit court's decision for remand and reconsideration. *But see Guschke v. City of Oklahoma City,* 763 F.2d 379 (10th Cir.1985). In this case, the Ninth Circuit upheld Oklahoma City's regulation of radio antenna height. This opinion, however, was handed down prior to the FCC's PRB–1.

of communication over another. Thus he invokes an equal protection argument.

■ The Court concludes that there is no basis for the equal protection argument. Although Chapter 16.20.050(D) is more artfully drafted in its waiver provisions than Chapter 20.05.010, it is not clear that it would be applied to discriminate in favor of satellite dish communication as opposed to radio antenna. Chapter 16.20.050 does not permit satellite dishes to extend over 25 feet in height, even when waiver is granted.

■ Similarly, the Court concludes that Chapter 20.05.010 is not invalid on its face. That is, it cannot be said that there is no way in which the ordinance could be applied in conformity with the FCC's PRB–1. After examining the uncontested facts in this case, however, the Court determines that the ordinance was not applied by the City Council in a manner which balanced local land use needs against Bulchis' needs. The remainder of this Order explains this conclusion.

The City defends its conditional use permit process by pointing to a phrase in subsection (C) of Chapter 20.05.010: "unless the use is a public necessity." Thus the City contends that the needs of the amateur radio operator are balanced against the community needs to the extent the radio operation is a "public necessity." The City buttresses this argument in its final denial of Bulchis' conditional use permit in its "Findings and Decision and Conclusions of Law," dated August 28, 1986. In that document the City concludes that a 70–foot antenna "would be an aesthetic blight upon the neighborhood," thus violating review criteria in ECDC Chapter 20.05.010(B). Then the council "finds that the conditional use permit provisions of Chapter 20.05 properly balance the aesthetic needs of the community with the public purpose and necessity of amateur radio antenna, both transmission and reception." ECDC 20.05.010(C).

The council relies on Bulchis' testimony that his present antenna provides some reception, then goes on to conclude that he has failed to establish the following:

(A) The technical and practical necessity for the 70–foot high retractable tower;

(B) The minimum height of a structure necessary to provide a technologically practical and feasible facility thereby preventing the council from determining what the minimum appropriate regulation which it could establish is; and

(C) Alternative measures which the council could adopt to preserve the residential character of the neighborhood and prevent aesthetic blight due to the tower while permitting its installation.

With after-the-fact insight, the City council appears to have read into subsection (C) all that PRB–1 requires.

While taking no position as to whether or not Bulchis' application established the technical necessity for a 70–foot antenna, the Court notes that Bulchis offered to provide additional information.[4] He also discussed with the hearing examiner the possibility of erecting a telescoping pipe instead of the lattice type structure proposed.

Furthermore, the Court has examined the transcripts of the hearings before both the City council and the hearing examiner and finds no mention of Bulchis' need to prove his antenna to be a "public necessity." Nor does it appear that Bulchis was asked for additional facts or told the basis on which the council's decision would be made.

■ Thus, this Court concludes that as Chapter 20.05.010 was applied in this instance, it did not provide for the reasonable accommodation of amateur radio communication. In so doing, the Court takes no position as to the technical adequacy of Bulchis' application. Nor does the Court take any position as to what conditions the City might reasonably impose in accommodating the needs of amateur radio operators.

---

4. Bulchis provided the Court additional technical information in response to the City's motion for summary judgment. The Court has not, however, considered this material in reaching its decision.

THEREFORE, defendant's motion for summary judgment is DENIED, and plaintiff's motion is GRANTED to the extent that the process by which the City denied his application for a conditional use permit is declared invalid.

The Clerk of the Court is instructed to send a copy of this Order to all counsel of record.