**D.R. EVANS, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF BOULDER, COLORADO, and Gary Goodell, in his capacity as Chief Building Official, Defendants.**

Civ. A. No. 90–F–1150.

United States District Court,
D. Colorado.

Nov. 13, 1990.

Motion for Reconsideration
Denied Dec. 28, 1990.

Robert E. Youle, Brian G. Eberle, Sherman & Howard, Denver, Colo., for plaintiff.

H. Lawrence Hoyt, Boulder County Atty., Madeline J. Mason, Asst. County Atty., Boulder, Colo., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on cross motions for summary judgment, filed September 28, 1990. Jurisdiction is based upon 28 U.S.C. § 1331 (Supp.1990). For the reasons below, plaintiff's motion for summary judgment is hereby GRANTED and defendants' motion for summary judgment is hereby DENIED.

I.

In 1987, Plaintiff D.R. Evans ("Evans") moved to 7912 Fairview Road, a 1.28 acre lot in Boulder County ("the County"). During that year, the Federal Communications Commission ("the FCC") granted Ev-

ans a federal license to operate an amateur radio station at his new residence. In order to successfully operate this station, Evans needed to erect an antenna on his plot of land. In July, 1987, Evans filed an application with the County seeking to erect a 125–foot ground-mounted antenna. The application was denied.

As a result, plaintiff commenced litigation in October, 1987. He sought a preliminary injunction to require the County to issue the requested permit. The case, number 87–Z–1595, was assigned to Judge Zita L. Weinshienk. Judge Weinshienk held the motion in abeyance and directed plaintiff to apply to the County's Board of Adjustment ("the Board") for a variance. The Board denied the request. On July 29, 1988, Judge Weinshienk upheld the County's denial. Plaintiff's complaint was dismissed on August 1, 1988. On March 12, 1990, the United States Court of Appeals for the Tenth Circuit vacated Judge Weinshienk's ruling that Boulder County's zoning resolution was facially valid, but affirmed the denial to grant a variance to Evans.[1]

On March 26, 1990, Evans submitted an application for a special use permit to erect an antenna between sixty and one hundred feet tall. A hearing was held by the Board. However, the application was denied.

On June 29, 1990, plaintiff filed a complaint, alleging that the County's denial was improper. Evans offered three claims for relief, seeking (i) declaratory relief based on federal preemption, (ii) injunctive relief, and (iii) relief resulting from violations of the equal protection clause.[2] On August 1, 1990, the parties were directed to submit cross-motions for summary judgment. The motions have been submitted and are now before the court.

## II.

Summary judgment is not regarded as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lucas v. Mountain States Tel. & Tel. Co.,* 909 F.2d 419, 420 (10th Cir.1990); *Martin v. Board of County Comm'rs,* 909 F.2d 402, 404 (10th Cir.1990); *Skidmore, Owings & Merrill v. Canada Life Assurance Co.,* 907 F.2d 1026, 1027 (10th Cir.1990); *Anderson v. Department of Health and Human Servs.,* 907 F.2d 936, 946 (10th Cir.1990). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Skidmore,* 907 F.2d at 1027.

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. All doubts must be resolved in favor of the existence of triable issues of fact. *Lucas,* 909 F.2d at 420; *Martin,* 909 F.2d at 404; *Anderson v. Department of Health and Human Servs.,* 907 F.2d at 946–47.

In a motion for summary judgment, the moving party's initial burden is slight. In

---

1. Notably, the instant matter addresses Boulder County's newly-promulgated zoning resolution. Hence, Judge Weinshienk's ruling and the Tenth Circuit's decision do not dictate a definitive result under the doctrines of res judicata, *Cf. Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), or stare decisis, 1B Moore's Federal Practice ¶ 0.402[1] (1988).

2. The equal protection clause of the fourteenth amendment provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Notably, Evans has abandoned his claim for relief based on alleged equal protection violations. The issue was not discussed in plaintiff's submissions. More importantly, this claim is deemed irrelevant in light of the court's ultimate holding. *See infra* note 6.

*Celotex*, the Supreme Court held that the language of rule 56(c) does not require the moving party to show an absence of issues of material fact in order to be awarded summary judgment. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. That is, rule 56 does not require the movant to negate the opponent's claim. *Id.* at 323, 106 S.Ct. at 2552. The moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

Once the movant has made an initial showing, the burden of proof shifts to the opposing party. *Anderson v. Department of Health and Human Servs.*, 907 F.2d at 947. The nonmovant must establish that there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Skidmore*, 907 F.2d at 1027. The nonmovant must go beyond the pleadings and designate specific facts showing that there are genuine issues for trial on every element challenged by the motion. *Willner v. Budig*, 848 F.2d 1032, 1033–34 (10th Cir.), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). Conclusory allegations will not establish an issue of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.*, 823 F.2d 1395, 1398 (10th Cir. 1987). In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Liberty Lobby*, the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. *Liberty Lobby*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant on the basis of the evidence presented in the motion and the response. *Id.* at 587,

106 S.Ct. at 1356. In the instant case, the court concludes there are no genuine issues of material fact, and as a matter of law, plaintiff is entitled to judgment in his favor.

### III.

■ The Supremacy Clause of Article VI of the United States Constitution [3] provides the federal government with the power to preempt state laws. *Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 368, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369 (1986). Preemption occurs when (i) Congress, in enacting a federal statute, expresses a clear intent to preempt state law, (ii) an outright conflict exists between federal and state law, (iii) compliance with both federal and state law is in effect physically impossible, (iv) there is an implicit barrier within federal law to state regulation in this area, (v) federal legislation is so comprehensive as to occupy an entire field of regulation, (vi) state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress, or (vii) federal regulations promulgated within the scope of congressionally-delegated agency authority have any of the above effects. *Frontier Airlines, Inc. v. United Air Lines, Inc.*, No. 89–F–645, slip op. at 13–14 (D.Colo. Aug. 14, 1989) (citing *Louisiana Pub. Serv. Comm'n*, 476 U.S. at 368–69, 106 S.Ct. at 1898–99); *see also California v. ARC America Corp.*, 490 U.S. 93, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989).

The County has argued that its zoning regulations should not be preempted by federal law. The court finds however that the instant case falls under (vi) and (vii). The Boulder County Zoning Resolution stands as an obstacle to the accomplishment and execution of the federal objective of promoting amateur communication. Since the FCC's statutorily-authorized regulations preempt any state or local laws that conflict with or frustrate the promotion of amateur radio communication,

---

**3.** Article VI, clause 2 states, "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judge in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

*City of New York v. FCC,* 486 U.S. 57, 64, 108 S.Ct. 1637, 1642, 100 L.Ed.2d 48 (1988); *Dantus v. First Fed. Sav. & Loan Ass'n,* 502 F.Supp. 658, 661 (D.Colo.1980), the Boulder County Zoning Resolution must fall.

### IV.

In 1934, Congress created the Federal Communications Commission to regulate interstate and foreign communication. 47 U.S.C. § 151 (1962). Based on this authority, the FCC promulgated regulations concerning amateur radio service. 47 C.F.R. § 97 (1989). However, conflicts emerged between federal regulation of amateur radios and local zoning laws. On July 16, 1984, the American Radio Relay League, Inc. requested that the FCC issue a declaratory ruling to delineate the authority state and local zoning and regulatory boards had over federally-licensed radio facilities.

Pursuant to this request, the FCC issued a ruling on September 19, 1985. *In the Matter of Fed. Preemption of State and Local Regulations Pertaining to Amateur Radio Serv. ("PRB–1"),* 101 F.C.C.2d 952, Fed.Reg. 38,813 (1985). The Commission determined that a limited preemption policy was warranted. *Id.* at ¶ 24. It decided to strike a balance between federal and state interests, stating that "local regulations which involve placement, screening, or height of antennas based on health, safety, or aesthetic considerations must be crafted to accommodate reasonably amateur communications, and to represent minimum practical regulation to accomplish the local authority's legitimate purpose." *Id.* at ¶ 25.

Other federal courts have addressed this ruling and have upheld the preemptive effect of PRB–1. *Izzo v. Borough of River Edge,* 843 F.2d 765, 768 (3d Cir.1988); *Thernes v. City of Lakeside Park,* 779 F.2d 1187, 1188–89 (6th Cir.1986); *MacMillan v. City of Rocky River,* 748 F.Supp. 1241,

1247–48 (N.D.Ohio 1990); *Williams v. City of Columbia,* 707 F.Supp. 207, 210–11 (D.S. C.1989), *aff'd,* 906 F.2d 994 (4th Cir.1990); *Howard v. City of Burlingame,* No. C–87– 5329 (N.D.Cal. July 29, 1988) (1988 WL 169074); *Bodony v. Incorporated Village of Sands Point,* 681 F.Supp. 1009, 1011–13 (E.D.N.Y.1987); *Bulchis v. City of Edmonds,* 671 F.Supp. 1270, 1273 (W.D.Wash. 1987). When addressing the respective complaints, these courts invalidated the local regulations as applied. This court is persuaded that Boulder County's regulation must be rejected on its face.

In PRB–1, the FCC was unwilling to specify a minimum permissible antenna height. *PRB–1* at ¶¶ 24–25. The Commission did state that local regulations that operate to preclude amateur communications in their communities are in direct conflict with federal objectives and must be preempted.[4] *Id.* The FCC did not elaborate on what types of preclusion would be forbidden. However, Judge Weinshienk in the prior litigation ruled that flat prohibitions are not permitted. (Hearing on the Merits, Plaintiff's Exhibit 6 at 72). The Northern District of California and Eastern District of New York also have indicated that absolute prohibitions are invalid. *Howard,* 1988 WL 169074; *Bodony,* 681 F.Supp. at 1012–13. An evaluation of Boulder County's zoning resolution demonstrates that such an impermissible prohibition has been enacted.

Article 6A–301 of the Boulder County Zoning Resolution states that the maximum structure height is thirty-five feet.[5] *Boulder County Zoning Resolution,* Art. 6A–301(4) (1988). In order to erect a structure taller than thirty-five feet, the final option in Boulder County is to apply for a special use permit pursuant to article 20– 301 of the zoning resolution. This article provides that "[a]n application for a Special Use [Permit] shall be approved *only if* the

---

4. The court is not persuaded that the only needs to be considered are the amateur radio community at large. The language of PRB–1 as a whole and 47 C.F.R. § 97.15(e) indicate that preclusions in amateur communications are to be avoided.

5. It is undisputed that a thirty-five foot antenna would not be effective. (Deposition of Timothy Cutforth, Plaintiff's Exhibit 10 at 16–17).

Board of County Commissioners finds that the proposed special use [permit] ... [c]omplies with the minimum zoning requirements of the zoning district in which the special use is to be established, as set forth in this Resolution." *Zoning Resolution,* Art. 20–301(1) (emphasis added). The resolution states in Article 6A–301 that no structure can exceed thirty-five feet. Under the explicit language of the resolution therefore, a permit can be granted *only* if it complies with the thirty-five foot height limitation. While Boulder County may have the power to place some restrictions on the height of antennas, *Williams v. City of Columbia,* 906 F.2d 994, 998 (4th Cir.1990), this resolution acts as an absolute prohibition on amateur radio antennas over thirty-five feet. In light of Judge Weinshienk's ruling, *Howard,* and *Bodony,* absolute prohibitions cannot stand. They contravene the very purpose behind the federal government's policy in the promotion of amateur radio service and preclude amateur radio communication. *PRB–1* at ¶ 24. While the court is sensitive to the federal judiciary's traditional respect for local administration and land use regulation, *Izzo,* 843 F.2d at 769, we have no option but to rule that the Boulder County Zoning Resolution cannot withstand constitutional scrutiny, is preempted by federal law, and must be invalidated on its face.[6]

### V.

ACCORDINGLY, IT IS ORDERED:

1) Plaintiff's motion for summary judgment is hereby GRANTED.

2) Defendants' motion for summary judgment is hereby DENIED.

3) The clerk of the court is DIRECTED to enter judgment in favor of the plaintiff and against the defendants. Each party is to bear their own costs.

4) The Boulder County Zoning Resolution, only as it relates to amateur radio communications, is preempted by federal law and is invalidated on its face.

5) In accordance with this ruling, Boulder County is DIRECTED to reconsider plaintiff's application to erect an amateur radio antenna within six months of the entry of this order.

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the court on defendants' motion for reconsideration, filed November 23, 1990. For the reasons below, defendants' motion for reconsideration is hereby DENIED.

### I.

From 1987 to 1990, plaintiff D.R. Evans ("Evans") attempted to gain permission from defendant Boulder County ("the County") to erect an amateur radio station antenna at his residence. Evans submitted applications on three separate occasions. Each time, the County denied the requests.

On June 29, 1990, plaintiff filed his second action regarding this dispute. The court directed the parties to submit cross-motions for summary judgment on August 1, 1990. On November 13, 1990, plaintiff's motion for summary judgment was granted and defendants' motion for summary judgment was denied. The court ruled that the Boulder County Zoning Resolution ("the zoning resolution") could not withstand constitutional scrutiny, was preempted by federal law, and was invalidated on its face. Defendants filed the instant motion for reconsideration on November 23, 1990.

### II.

To erect a structure taller than thirty-five feet in Boulder County, application for a special use permit must be completed pursuant to article 20–301 of the zoning resolution. This article dictates that an application for a special use permit shall be approved only if the proposed use complies with the minimum zoning requirement. The minimum zoning requirements are located at article 6A–301, which mandate that no structure can exceed thirty-five

---

**6.** Invalidation of the resolution on preemption grounds renders analysis of the litigants' other arguments unnecessary. *Williams,* 707 F.Supp. at 212 n. 4.

feet. Hence, under the zoning resolution's explicit language, no structure may exceed thirty-five feet.

In their motion for reconsideration, defendants proffered articles 20–102(3)(b) and 22–204(1) of the zoning resolution for the first time. Defendants contend that they did not bring these articles to the court's attention because plaintiff had not argued that article 20 of the zoning resolution absolutely prohibited issuance of special use permits for amateur radio antennas taller than thirty-five feet. (Motion for Reconsideration at ¶ 5). This assertion is false. Plaintiff's first argument in his motion for summary judgment alleged that "the first criteria of Article 20–301 *on its face* precludes issuance of a Special Use Permit for erection of any amateur radio Antenna higher than 35 feet." (Plaintiff's Motion for Summary Judgment at 18–19) (emphasis added). As a result, defendants' motion for reconsideration is an improper vehicle to introduce new evidence that could have been adduced during the summary judgment briefing process. *Waltman v. International Paper Co.*, 875 F.2d 468, 473–74 (5th Cir.1989); *Morgan v. Harris Trust and Sav. Bank*, 867 F.2d 1023, 1028 (7th Cir.1989); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *see Braselton v. Clearfield State Bank*, 606 F.2d 285, 286–87 (10th Cir.1979). Accordingly, defendants' motion for reconsideration should be denied on these grounds alone.

Nevertheless, the court is persuaded that, even if we evaluated articles 20–102(3)(b) and 22–204(1), our decision to grant summary judgment for Evans would not change. Article 20–102(3)(b) provides that noncommercial antennas exceeding the maximum structure height may be erected. However, permission to erect these antennas may be granted only upon approval of the Board of County Commissioners. *Zoning Resolution*, Art. 20–102(3)(b) (1988). Approval is granted pursuant to articles 20–301 and 6A–301. Therefore, the language in article 20–103(3)(b) is inconsequential.

Article 22–204(1) provides, in pertinent part, that "[h]eight limitations of this resolution shall not apply to ... antennas and/or their supporting structures, which are a Non-commercial Telecommunications Site whether approved pursuant to Section 20–102(a) or not requiring such approval...." *Zoning Resolution*, Art. 22–204(1) (1988). While a question has emerged whether the legislative intent was to reference section 20–102(a) or 20–102(3)(b) in this provision, article 22–204(1) nevertheless dictates the limitations shall not apply to noncommercial sites which (i) have been approved by the County, or (ii) do not require approval. Never does this article address the procedures or requirements for obtaining approval. They are covered in article 20–301, which unambiguously provides that a special use permit must comply with the zoning requirements of article 6A–301. As a result, the court remains convinced that the Boulder County Zoning Resolution serves as an impermissible absolute prohibition on amateur radio communications, contravenes PRB–1, and must be invalidated on its face.

### III.

ACCORDINGLY, IT IS ORDERED:

1) Defendants' motion for reconsideration is hereby DENIED.

2) The court reaffirms that the Boulder County Zoning Resolution, only as it relates to amateur radio communications, is preempted by federal law and is invalidated on its face.

3) The court reaffirms that Boulder County is DIRECTED to reconsider plaintiff's application to erect an amateur radio antenna within six months of entry of the order granting plaintiff's motion for summary judgment.