**D.R. EVANS, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF BOULDER, COLORADO, and Gary Goodell, in his capacity as Chief Building Official, Defendants.**

**Civ. A. No. 90–F–1150.**

United States District Court, D. Colorado.

July 22, 1991.

---

Brian G. Eberle and Robert E. Youle, Williams, Youle & Koenigs, P.C., Denver, Colo., for plaintiff.

H. Lawrence Hoyt, Boulder County Atty. and Madeline J. Mason, Asst. Boulder County Atty., Boulder, Colo., for defendants.

## ORDER DENYING MOTION FOR INJUNCTION PENDING APPEAL

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on defendants' motion for injunction pending appeal, filed February 7, 1991. Jurisdiction is based upon 28 U.S.C.A. § 1331 (West Supp.1991). For the reasons stated below, defendants' motion for injunction pending appeal is hereby DENIED.

### I.

From 1987 to 1990, plaintiff D.R. Evans ("Evans") attempted to gain permission from defendant Boulder County ("the County") to erect an amateur radio station antenna at his residence. Evans submitted applications on three separate occasions. Each time, the County denied the requests.

On June 29, 1990, plaintiff filed his second action regarding this dispute. The court directed the parties to submit cross-motions for summary judgment on August 1, 1990. On November 13, 1990, plaintiff's motion for summary judgment was granted and defendants' motion for summary judgment was denied. The court ruled that the Boulder County Zoning Resolution could not withstand constitutional scrutiny, was preempted by federal law, and was invali-

dated on its face. *Evans v. Board of County Comm'rs*, 752 F.Supp. 973, 977 (D.Colo.1990). The court directed the County "to reconsider plaintiff's application to erect an amateur radio antenna within six months of the entry of this order." *Id.* Defendants filed a motion for reconsideration on November 23, 1990. The motion was denied on December 28, 1990. *Id.* at 978. Defendants filed a notice of appeal with the United States Court of Appeals for the Tenth Circuit on January 28, 1991. On February 7, 1991, defendants filed a motion for injunction pending appeal. The court directed defendants to inform the court whether new regulations had been enacted on May 10, 1991. We also temporarily stayed our order directing defendants to consider plaintiff's application by May 13, 1991. On May 16, 1991, defendants informed the court that Resolution No. 91–54 had been passed and became effective on March 7, 1991.

## II.

Plaintiff argues that passage of the new resolution is irrelevant to his matter. He contends that application of the new amendments would violate Colo. Const. Art. II, § 11. This section provides that "[n]o ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making irrevocable grant of special privileges, franchises or immunities, shall be passed by the general assembly." [1] Specifically, Evans argues that application of the new resolution to his application filed in March, 1990 would be a retrospective operation of law.[2] If Evans is correct, the County would have to apply the regulations in force in March, 1990, which survived our initial order.

This interpretation would not comport with the intent of our order. The reconsideration of plaintiff's application was to occur in light of newly-enacted legislation. Our ruling would be erroneous, however, if it violated the section of the Colorado Constitution on which Evans relies. We believe that it does not run afoul of this provision.

▆ The prohibition against retrospective laws applies to acts which take away or impair vested rights acquired under existing laws, create new obligations, impose new duties, or attach new disabilities, in respect to transactions or considerations already past. *Qualls, Inc. v. Berryman*, 789 P.2d 1095, 1099 (Colo.1990); *Lockhart v. Board of Educ.*, 735 P.2d 913, 918 (Colo. App.1986); *accord Meller v. Heil Co.*, 745 F.2d 1297, 1304–05 (10th Cir.), *cert. denied*, 467 U.S. 1206, 104 S.Ct. 2390, 81 L.Ed.2d 347 (1984).

▆ In the land use context, a right would be vested when the individual has taken steps in substantial reliance upon an act of the relevant governmental entity. *Cline v. City of Boulder*, 168 Colo. 112, 450 P.2d 335, 338 (1969); *Miller v. Board of Trustees*, 36 Colo.App. 85, 534 P.2d 1232, 1234 (1975). Boulder County denied Evans his application to erect the antenna. While the issuance of a permit can form the foundation for a vested right, *P–W Inv., Inc. v. City of Westminster*, 655 P.2d 1365, 1371 (Colo.1982), plaintiff could not have taken any steps in substantial reliance upon a County action. His application was denied. *Witkin Homes, Inc. v. City & County of Denver*, 31 Colo.App. 410, 504 P.2d 1121, 1123 (1972); *see also Bentley v. Valco, Inc.*, 741 P.2d 1266, 1269 (Colo.App.1987). As plaintiff had no vested rights under a law existing at the time of his initial permit request, application of the new regulation would not violate Art. II, § 11.

Finally, application of the new regulation would in no way create new obligations, impose new duties, or attach new disabilities. *See Meller*, 745 F.2d at 1305. Merely reviewing plaintiff's application under the new amendment would not erect any of

---

1. This provision applies to municipal action. *City & County of Denver v. Denver Buick, Inc.*, 141 Colo. 121, 347 P.2d 919, 930 (1959), *overruled on other grounds Stroud v. City of Aspen*, 188 Colo. 1, 532 P.2d 720, 723 (1975).

2. The word "retrospective" applies to civil cases and is synonymous with term "ex post facto" as applied in criminal law. *French v. Deane*, 19 Colo. 504, 36 P. 609, 612 (1894).

 

these burdens. Application of Resolution No. 91–54 is permissible.

### III.

 Defendants move for an injunction pending appeal under Fed.R.App.P. 8(a).[3] In evaluating this motion, we must consider (i) whether defendants have made a strong showing that they are likely to prevail on the merits of the appeal, (ii) whether defendants have shown irreparable injury if the injunction is not granted, (iii) whether a stay will substantially harm the other parties in the litigation, and (iv) where the public interests lie. *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir.1977); *Blanchette v. Schweiker*, 530 F.Supp. 596, 597 (D.Colo.1982); *accord Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

First, we do not believe that the defendants have made a strong showing that it is likely to prevail on appeal. We believe that the United States Court of Appeals for the Tenth Circuit will affirm our decision. Second, defendants have not shown that irreparable injury would result if the injunction is not granted. Our order simply directed the County to reconsider plaintiff's application for a special use permit. Such a directive is not so onerous as to cause irreparable injury to Boulder County. Third, we believe that granting a stay could substantially harm the plaintiff. He has been involved in litigation surrounding this issue for several years. He deserves a timely and final decision on his request to erect an antenna, without the expenditure of additional funds for litigation costs. Finally, we believe that the public interest lies in the prompt resolution of this issue. Public policy dictates the timely conclusion of legal disputes, especially when a matter has already been carefully considered by the court. Defendants have not met the basic requirements for the issuance of injunctive relief. An injunction will not issue.

### IV.

ACCORDINGLY, it is hereby ordered:

1) Defendants' motion for injunction pending appeal is DENIED.

2) The temporary stay, entered on May 10, 1991, is LIFTED.

3) Defendants are DIRECTED to consider plaintiff's application to erect an amateur radio antenna under the Resolution No. 91–54 within thirty days of the entry of this order.

---

**3.** Fed.R.App.P. 8(a) provides, in pertinent part, "[a]pplication for a stay of the judgment or order of a district court pending appeal, or … for an order suspending, modifying, restoring or granting an injunction during the pendency of appeal must ordinarily be made in the first instance in the district court."